**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
          chris@bendaulaw.com
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Alberto Preciado**, | No. |
| Plaintiff, | |
| vs. | **VERIFIED COMPLAINT** |
| **Orbis RPM, LLC**, a Wisconsin limited liability company; **Surge Staffing, LLC**, an Alabama limited liability company; and **Ryan Mason and Jane Doe Mason**, a married couple, | |
| Defendants. | |

Plaintiff, Alberto Preciado ("Plaintiff" or "Alberto Preciado"), sues the

Defendants, Orbis RPM, LLC ("Defendant Orbis RPM, LLC" or "Orbis RPM") and

Surge Staffing, LLC, and Ryan Mason and Jane Doe Mason (collectively, Surge Staffing,

LLC and Ryan Mason and Jane Doe Mason are referred to as the "Surge Staffing

Defendants" or "Surge Staffing") (collectively, all Defendants are referred to as

"Defendants") and alleges as follows:

-1-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

## PRELIMINARY STATEMENT

1.    This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., unpaid minimum wages under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") § 23-362, et seq. and unpaid wages under the Arizona Wage Act ("AWA") A.R.S. § 23-350, et seq.

2.    The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

3.    Plaintiffs bring this action against Defendants for their unlawful failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 ("FLSA").

4.    Plaintiffs bring this action against Defendants for their unlawful failure to pay minimum wage in violation of the AMWA, A.R.S. § 23-362, et seq.

5.    Plaintiffs bring this action against Defendants for their unlawful failure to pay all wages due and owing in violation of the AWA, A.R.S. § 23-350, et seq.

6.    This is an action for unpaid wages, liquidated damages, interest, attorneys' fees, and costs under the FLSA and minimum wages under the AMWA.

7.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

## JURISDICTION AND VENUE

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq.* because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

9.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiffs occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## PARTIES

10.      At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

11.      At all material times, Defendant Orbis RPM, LLC was a limited liability company duly licensed to transact business in the State of Arizona.  At all material times, Defendant Orbis RPM, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

12. At all relevant times, Defendant Orbis RPM, LLC owned and operated as "Orbis RPM," a reusable plastics manufacturer and supplier doing business in the Phoenix Metropolitan Area.

13. Under the FLSA, Defendant Orbis RPM, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Orbis RPM, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Orbis RPM's employees, Defendant Orbis RPM, LLC is subject to liability under the FLSA.

14. At all material times, Defendant Surge Staffing, LLC was a limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Surge Staffing, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

15. At all relevant times, Defendant Surge Staffing, LLC owned and operated as "Surge Staffing," a national staffing agency doing business in the Phoenix Metropolitan Area.

16. Under the FLSA, Defendant Surge Staffing, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendant Surge Staffing, LLC had the authority to hire and fire employees, supervised and controlled work

-4-

schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendants in relation to Surge Staffing's employees, Defendant Surge Staffing, LLC is subject to liability under the FLSA.

17. Defendants Ryan Mason and Jane Doe Mason are, upon information and belief, husband and wife. They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable. Defendants Ryan Mason and Jane Doe Mason are owners of Surge Staffing and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

18. Under the FLSA, Defendants Ryan Mason and Jane Doe Mason are employers. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Ryan Mason and Jane Doe Mason had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As persons who acted in the interest of Defendants in relation to Surge Staffing's employees, Defendants Ryan Mason and Jane Doe Mason are subject to individual liability under the FLSA.

19. Defendants, and each of them, are sued in both their individual and corporate capacities.

-5-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

20.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

21.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

22.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

23.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

24.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

25.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

26.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

27.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' work and wages at all relevant times.

28.     In addition to being employers in their own right, Defendant Orbis RPM, LLC and the Surge Staffing Defendants comprise a "vertical joint employment" relationship under the FLSA.

29.     Vertical joint employment exists when "a company has contracted for workers who are directly employed by an intermediary company." *Litzendorf v. Property*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

*Maintenance Solutions, LLC*, 2017 WL 5900830, at \*4 fn. 2 (D. Ariz. November 30, 2017).

30. Specifically, Defendant Orbis RPM, LLC hired and contracted for Plaintiff to work for them through the Surge Staffing Defendants.

31. Defendant Orbis RPM, LLC assigns employment opportunities it needs filled to the Surge Staffing Defendants.

32. The Surge Staffing Defendants hire workers, such as Plaintiff, to perform the work solicitated by Defendant Orbis RPM, LLC.

33. All work performed by Plaintiff was assigned by Defendant Orbis RPM, LLC.

34. Defendant Orbis RPM, LLC controlled the work being performed by Plaintiff by assigning such work to the Surge Staffing Defendants to assign to him.

35. Work assigned by Defendant Orbis RPM, LLC to the Surge Staffing Defendants passed to Plaintiff without material change.

36. Plaintiff was hired by Defendants to perform work as a forklift driver, work that was integral to Defendants' business.

37. The work performed by Plaintiff was manual labor work and did not require a special skill or initiative, judgment, or foresight.

38. Plaintiff used materials and equipment provided by Defendants and did not invest in his own equipment, materials, or the employment of helpers.

-7-

39.     Plaintiff did not have the opportunity for profit or loss based on his managerial skill.  Rather, Plaintiff was compensated, or supposed to be compensated, on an hourly rate by Defendants for work he was assigned by them.

40.     Plaintiff was hired by Defendants for a non-durational period, working full time for approximately four weeks before discontinuing his employment.

41.     On information and belief, Defendant Orbis RPM, LLC compensated Plaintiff by paying Defendants the Surge Staffing Defendants, who would then compensate Plaintiff.

42.     On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2023.

43.     On information and belief, Plaintiff, in his work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2024.

44.     On information and belief, at all relevant times, Plaintiff, in his work for Defendants, was engaged in commerce or the production of goods for commerce.

45.     On information and belief, at all relevant times, Plaintiff, in his work for Defendants, was engaged in interstate commerce.

46.     On information and belief, Plaintiff, in his work for Defendants, regularly handled goods produced or transported in interstate commerce.

-8-

**FACTUAL ALLEGATIONS**

47.     Defendant Surge Staffing LLC is an enterprise that is a national staffing agency doing business in Maricopa County, Arizona.

48.     Defendant Orbis RPM, LLC is, on information and belief, an enterprise that is a reusable plastics manufacturer and supplier doing business in Maricopa County, Arizona.

49.     In or around early February 2024, the Surge Staffing Defendants hired Plaintiff to work for Defendant Orbis RPM, LLC as a forklift driver in the Orbis RPM warehouse, located at 14000 West Grant Street, Goodyear, Arizona 85338.

50.     Plaintiff was compensated, or supposed to be compensated, at an hourly rate of $18.50 throughout his employment with Defendants.

51.     Plaintiff, in his work for Defendants, was supposed to be paid on a weekly basis.

52.     On information and belief, Plaintiff, in his work for Defendants, was supposed to work alternating workweeks of 48 hours and then 36 hours, respectively.

53.     In Plaintiff's first workweek, he worked approximately 48 hours.

54.     In Plaintiff's second workweek, he worked approximately 36 hours.

55.     In Plaintiff's third workweek, he worked approximately 48 hours.

56.     In Plaintiff's fourth workweek, he worked approximately 36 hours.

57.     Defendants paid Plaintiff for the first workweek of his employment with them, and he was able to obtain the financial benefit of his first paycheck.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

58.    However, Defendants made Plaintiff's subsequent paychecks payable to an "Humberto Caballeros" instead of to his name, Alberto Preciado.

59.    On receiving his subsequent paychecks, Plaintiff inquired with both the Surge Staffing Defendants and Orbis RPM as to how the error could be corrected.

60.    In response, the Surge Staffing Defendants instructed Plaintiff to bring his identification to their office to prove who he was so they could reissue payment in the correct name.

61.    Plaintiff thereafter brought his identification to the Surge Staffing Defendants.

62.    Instead of paying Plaintiff in the correct name, the Surge Staffing Defendants instructed him to see if he could find someone to cash the check for him.

63.    Plaintiff instead insisted the Surge Staffing Defendants reissue the checks in his name.

64.    However, instead of doing so, the Surge Staffing Defendants confiscated his checks and paid him nothing.

65.    In the final three workweeks of his employment with Defendants, Plaintiff worked approximately 120 hours total.

66.    As a result of refusing to issue payment to Plaintiff in his correct name, Defendants did not pay any wages to Plaintiff for work he performed during the final three workweeks of his employment with Defendants.

67.    Accordingly, Plaintiff worked for Defendants for approximately three workweeks without being paid any wage whatsoever by Defendants.

68. As a result of failing to pay Plaintiff any wages whatsoever for such time worked, Defendants failed to compensate Plaintiff at least the statutory minimum wage for all hours worked for the final three workweeks of his employment.

69. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated 29 U.S.C. § 206(a).

70. As a result of Defendants' failure to compensate Plaintiff at least the statutory minimum wage for such hours worked, Defendants violated the AMWA, A.R.S. § 23-363.

71. Plaintiff is a covered employee within the meaning of the FLSA.

72. Plaintiff is a covered employees within the meaning of the AMWA.

73. Defendants refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

74. Defendants wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

75. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

76. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

77. Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-11-

to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

78.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

79.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

80.    As a result of failing to compensate Plaintiff any wages whatsoever for the final three workweeks of his employment with Defendants, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

81.    Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

82.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Alberto Preciado, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-12-

A.    For the Court to declare and find that the Defendants violated minimum

wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay

Plaintiff proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be

determined at trial;

C.    For the Court to award compensatory damages to Plaintiff, including

liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at

trial;

D.    For the Court to award prejudgment and post-judgment interest to Plaintiff;

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of

the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set

forth herein;

F.    Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

83.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

84.    As a result of failing to compensate Plaintiff any wages whatsoever for the final three workweeks of his employment with Defendants, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

85.    Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, A.R.S. § 23-363.

-13-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

86.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Alberto Preciado, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that Defendants violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages to Plaintiff;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages to Plaintiff, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest to Plaintiff;

E.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.    Such other relief as this Court shall deem just and proper.

**COUNT THREE: ARIZONA WAGE ACT**
**FAILURE TO PAY WAGES DUE AND OWING**
**DEFENDANTS SURGE STAFFING, LLC, AND ORBIS RPM, LLC, ONLY**

87.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

-14-

88.    As a result of the allegations contained herein, Defendants Surge Staffing LLC and Orbis RPM LLC did not compensate Plaintiff wages due and owing to him.

89.    Defendants Surge Staffing LLC and Orbis RPM LLC engaged in such conduct in direct violation of A.R.S. § 23-350.

90.    Defendants Surge Staffing LLC and Orbis RPM LLC acted unreasonably and in bad faith in failing to pay Plaintiff the wages due and owing him.

91.    Defendants Surge Staffing LLC and Orbis RPM LLC sought to delay payment without reasonable justification and to defraud Plaintiff of wages earned.

92.    As such, unpaid wages for such time Plaintiff worked, including per diem for food, lodging, and travel expenses, are owed to Plaintiff for the entire time he was employed by Defendants Surge Staffing LLC and Orbis RPM LLC.

93.    Plaintiff is therefore entitled to compensation for unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of the unpaid wages, plus interest thereon, and costs incurred.

**WHEREFORE**, Plaintiff, Alberto Preciado, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants Surge Staffing LLC and Orbis RPM LLC:

A.    For the Court to declare and find that Defendant Defendants Surge Staffing LLC and Orbis RPM LLC violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

-15-

C.  For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.  For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.  Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 30th day of January 2025.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Christopher J. Bendau
Clifford P. Bendau, II
*Attorneys for Plaintiff*

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-16-

**VERIFICATION**

Plaintiff, Alberto Preciado, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof.  The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.


Alberto Preciado (Jan 30, 2025 06:24 MST)
Alberto Preciado

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-17-